The Honorable Ricardo S. Martinez

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| SUE HONG, on behalf of herself and all others similarly situated,<br><br>Plaintiff<br><br>vs.<br><br>BANK OF AMERICA, N.A, individually and as successor-in-interest, QBE INSURANCE CORP., NATIONAL GENERAL HOLDINGS CORP., and DOES 1-10.<br><br>Defendants. | CASE NO 2:20-cv-01667 RSM<br><br>**AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND ORDER**<br><br>**NOTE ON MOTION CALENDAR: March 22, 2021** |

The parties hereby stipulate to the following provisions regarding the discovery of electronically stored information ("ESI") in this matter:

**A. General Principles**

1. An attorney's zealous representation of a client is not compromised by conducting discovery in a cooperative manner. The failure of counsel or the parties to litigation to cooperate in facilitating and reasonably limiting discovery requests and responses raises litigation costs and contributes to the risk of sanctions.

2. The proportionality standard set forth in Fed. R. Civ. P. 26(b)(1) must be applied in each case when formulating a discovery plan. To further the application of the proportionality

ESI Agmt and Order- Page 1
Hong v Bank of America, QBE Insurance Corp.
CASE NO 2:20-cv-01667 RSM

FRIEDMAN | RUBIN®
1109 First Avenue, Suite 501
Seattle, WA 98101-3614
(206) 501-4446

standard in discovery, requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as possible.

**B. ESI Disclosures**

Within 30 days after entry of this Order, or at a later time if agreed to by the parties, each party shall disclose:

1. Custodians. The five custodians most likely to have discoverable ESI in their possession, custody or control. The custodians shall be identified by name, title, connection to the instant litigation, and the type of the information under his/her control.

2. Non-custodial Data Sources. A list of non-custodial data sources (e.g. shared drives, servers, etc.), if any, likely to contain discoverable ESI.

3. Third-Party Data Sources. If relevant and responsive documents or electronically stored information are not in the possession, custody, or control of the responding party, because they are located in a third-party data source, the responding party shall identify the third-party data source known to have possession, custody, or control of the documents or electronically stored information.

4. Inaccessible Data. A list of data sources, if any, likely to contain discoverable ESI (by type, date, custodian, electronic system or other criteria sufficient to specifically identify the data source) that a party asserts is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(B).

**C. Preservation of ESI**

The parties acknowledge that they have a common law obligation to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody or control. With respect to preservation of ESI, the parties agree as follows:

1. Absent a showing of good cause by the requesting party, the parties shall not be required to modify the procedures used by them in the ordinary course of business to back-up and

ESI Agmt and Order- Page 2
Hong v Bank of America, QBE Insurance Corp.
CASE NO 2:20-cv-01667 RSM

FRIEDMAN | RUBIN®
1109 FIRST AVENUE, SUITE 501
SEATTLE, WA 98101-3614
(206) 501-4446

archive data; provided, however, that the parties shall take reasonable steps to preserve discoverable ESI in their possession, custody or control.

2. All parties shall supplement their disclosures in accordance with Rule 26(e) with discoverable ESI responsive to a particular discovery request or mandatory disclosure where that data is created after a disclosure or response is made (unless excluded under (C)(3) or (D)(1)-(2) below).

3. Absent a showing of good cause by the requesting party, the following categories of ESI need not be preserved:

　　a.　Deleted, slack, fragmented, or other data only accessible by forensics.

　　b.　Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

　　c.　On-line access data such as temporary internet files, history, cache, cookies, and the like.

　　d.　Data in metadata fields that are frequently updated automatically, such as last-opened dates (see also Section (E)(5)).

　　e.　Back-up data that are substantially duplicative of data that are more accessible elsewhere.

　　f.　Server, system or network logs.

　　g.　Data remaining from systems no longer in use that is unintelligible on the systems in use.

　　h.　Electronic data (e.g. email, calendars, contact data, and notes) sent to or from mobile devices (e.g., iPhone, iPad, Android, and Blackberry devices), provided that a copy of all such electronic data is routinely saved elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage).

**D.    Privilege**

1. A producing party shall create a privilege log of all documents fully withheld from production on the basis of a privilege or protection, unless otherwise agreed or excepted by this Agreement and Order. Privilege logs shall include a unique identification number for each

ESI Agmt and Order- Page 3
Hong v Bank of America, QBE Insurance Corp.
CASE NO 2:20-cv-01667 RSM

FRIEDMAN | RUBIN®
1109 FIRST AVENUE, SUITE 501
SEATTLE, WA 98101-3614
(206) 501-4446

document and the basis for the claim (attorney-client privileged or work-product protection). For ESI, the privilege log may be generated using available metadata, including author/recipient or to/from/cc/bcc names; the subject matter or title; and date created. Should the available metadata provide insufficient information for the purpose of evaluating the privilege claim asserted, the receiving party shall identify the entries they need additional information for and the producing party shall include such additional information as required by the Federal Rules of Civil Procedure. Redactions need not be logged so long as the basis for the redaction is clear on the redacted document.

2. With respect to privileged or work-product information generated after the filing of the complaint, parties are not required to include any such information in privilege logs.

3. Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

4. Information produced in discovery that is protected as privileged, bank examiner privilege, work product, or is prohibited from disclosure pursuant to the Bank Secrecy Act shall be immediately destroyed or returned to the producing party, and its production shall not constitute a waiver of such protection, including as set forth under Fed. R. Evid. 502(d), if: (i) such information appears on its face to have been inadvertently or unintentionally produced or (ii) the producing party provides notice within 15 days of discovery by the producing party of the inadvertent or unintended production.

**E.  ESI Discovery Procedures**

1. Search methodology.  The parties shall timely attempt to reach agreement on appropriate search terms, an appropriate computer- or technology-aided methodology, or other reasonable means of collecting ESI before any such effort is undertaken.  The parties shall continue

ESI Agmt and Order- Page 4
Hong v Bank of America, QBE Insurance Corp.
CASE NO 2:20-cv-01667 RSM

FRIEDMAN | RUBIN®
1109 FIRST AVENUE, SUITE 501
SEATTLE, WA 98101-3614
(206) 501-4446

to cooperate in revising the appropriateness of the search terms, computer- or technology-aided methodology, or other means of collecting ESI.

In the absence of agreement on appropriate search terms, an appropriate computer- or technology-aided methodology, or other reasonable means of collecting ESI, the following procedures shall apply:

    a. A producing party shall disclose the data sources (including custodians), search terms or queries, if any, any file type and data restrictions, and any other methodology that it proposes to use to locate ESI likely to contain discoverable information. The parties shall meet and confer to attempt to reach an agreement on the producing party's search terms and/or other methodology.

    b. If search terms or queries are used to locate ESI likely to contain discoverable information, a requesting party is entitled to no more than 10 additional terms or queries to be used in connection with further electronic searches absent a showing of good cause or agreement of the parties. The 10 additional terms or queries, if any, must be provided by the requesting party within 14 days of receipt of the producing party's production.

    c. Focused terms and queries should be employed; broad terms or queries, such as product and company names, generally should be avoided. Absent a showing of good cause, each search term or query returning more than 250 megabytes of data is presumed to be overbroad, excluding Microsoft PowerPoint files, image and audio files, and similarly large file types.

    d. The producing party shall search both non-custodial data sources and ESI maintained by the custodians identified above.

2. Format. The parties agree that ESI will be produced with searchable text in the following format: single- page, Group IV TIFF images with associated multi-page text files containing extracted text. The parties also agree to produce searchable PDF as long as the production is not significant. If a document does not contain extractible text or has been redacted, OCR shall be provided in lieu of extracted text.

Each TIFF image shall be named with a unique Bates number. Extracted Text/OCR shall be provided in searchable ASCII text format (or Unicode text format if the text is in a foreign

ESI Agmt and Order- Page 5
Hong v Bank of America, QBE Insurance Corp.
CASE NO 2:20-cv-01667 RSM

FRIEDMAN | RUBIN®
1109 FIRST AVENUE, SUITE 501
SEATTLE, WA 98101-3614
(206) 501-4446

language) and shall be named with a unique Bates number (e.g., the unique Bates number of the first page of the corresponding production version of the document).

Documents should be provided with Concordance-compatible image and data load files (i.e., .OPT and .DAT files) using standard Concordance delimiters or other appropriate load files for e-discovery software upon agreement of the parties. The first line in each Concordance compatible .DAT file, or other appropriate e-discovery software files, should be the header containing the agreed upon field names, and each subsequent line should contain the fielded data for each document.

Unless otherwise agreed to by the parties, files that are not easily converted to image format, such as spreadsheets, should be produced in native format. Each native file should be produced with a corresponding single-page TIFF placeholder image, which will contain language indicating that the document is being produced as a native file. Native files should be named with the beginning Bates number that is assigned to that specific record in the production. A "NativeLink" entry for each spreadsheet should be included in the .DAT load file indicating the relative file path to each native file on the production media. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

3.   De-duplication. The parties may de-duplicate their ESI production across custodial and non-custodial data sources after disclosure to the requesting party and the duplicate custodian information removed during the de-duplication process tracked in a duplicate/other custodian field in the database load file.

4.   Email Threading. The parties may use analytics technology to identify email threads and need only produce the unique most inclusive copy and related family members and may exclude

ESI Agmt and Order- Page 6
Hong v Bank of America, QBE Insurance Corp.
CASE NO 2:20-cv-01667 RSM

FRIEDMAN | RUBIN®
1109 FIRST AVENUE, SUITE 501
SEATTLE, WA 98101-3614
(206) 501-4446

lesser inclusive copies.  Upon reasonable request, the producing party will produce a less inclusive copy.

5. Metadata fields.  If the requesting party seeks metadata, the parties agree that only the following metadata fields need be produced, to the extent they are reasonably accessible or available: document type; custodian and duplicate custodians; author/from; recipient/to, cc and bcc; title/subject; file name and size; date and time created, sent, and/or received; and hash value.

DATED:  March 22, 2021.

**BHARTI LAW GROUP, PLLC**

By: */s/Harish Bharti*
    Harish Bharti, WSBA # 23960
    *Attorneys for Plaintiffs Sue Hong and Joon Hong*

**FRIEDMAN | RUBIN ®**

By: */s/Roger S. Davidheiser*
    Roger S. Davidheiser, WSBA #18638
    *Attorneys for Plaintiffs Sue Hong and Joon Hong*

**LAW OFFICE OF JASON E. ANDERSON**

By: */s/Jason Anderson*
    Jason Anderson, WSBA # 32232
    *Attorneys for Plaintiffs Sue Hong and Joon Hong*

**NATHAN & ASSOCIATES APC**

By: */s/Reuben David Nathan*
    Reuben David Nathan
    *Pro Hac Vice Counsel for Plaintiffs Sue Hong and Joon Hong*

ESI Agmt and Order- Page 7
Hong v Bank of America, QBE Insurance Corp.
CASE NO 2:20-cv-01667 RSM

FRIEDMAN | RUBIN®
1109 FIRST AVENUE, SUITE 501
SEATTLE, WA  98101-3614
(206) 501-4446

**WRIGHT, FINLAY & ZAK, LLP**

By: */s/Laura N. Coughlin*
     Laura N. Coughlin, WSBA # 46124
     *Attorneys for Defendant Bank of America, N.A.*

**GOODWIN PROCTER LLP**

By: */s/Laura Stoll*
     Laura Stoll
     Stella Padilla
     *Pro Hac Vice Counsel for Defendant Bank of America, N.A.*

**OGDEN MURPHY WALLACE, P.L.L.C.**

By: */s/Daniel F. Shickich*
     Daniel F. Shickich, WSBA # 46479
     *Attorneys for Defendant QBE Insurance Corporation*

**MITCHELL SANDLER LLC**

By: */s/Stephen M. LeBlanc*
     Stephen M. LeBlanc
     Rebecca A. Guiterman
     *Pro Hac Vice Counsel for QBE Insurance Corporation*

## ORDER

Based on the foregoing, IT IS SO ORDERED.

DATED this 24th day of March, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ESI Agmt and Order- Page 8
Hong v Bank of America, QBE Insurance Corp.
CASE NO 2:20-cv-01667 RSM

FRIEDMAN | RUBIN®
1109 First Avenue, Suite 501
Seattle, WA 98101-3614
(206) 501-4446

**CERTIFICATE OF SERVICE**

I certify that on this day, a copy of the foregoing document was served on the following individuals via the manner indicated below:

| | |
|---|---|
| Laura Coughlin, WSBA #46124<br>Wright Finlay & Zak, LLP<br>612 S. Lucile St., Ste. 300<br>Seattle, WA  98108<br>206.691.8663<br>lcoughlin@wrightlegal.net<br>Laura Stoll, CBA #255023<br>Stella Padilla, CBA #301590<br>Goodwin Procter LLP<br>601 S. Figueroa St., Ste. 4100<br>Los Angeles, CA  90017<br>213.426.2500<br>lstoll@goodwinlaw.com<br>spadilla@goodwinlaw.com<br>Attorneys for Bank of America | [ ]   Hand Delivery<br>[ ]   ABC Legal Messenger<br>[ ]   US Mail, postage prepaid<br>[X]  Email per agreement<br>[ ]   USDC's E-Filing Platform |
| Geoff Bridgman, WSBA #25242<br>Daniel Shickich, WSBA #46479<br>Ogden Murphy Wallace PLLC<br>901 Fifth Ave., Ste. 3500<br>Seattle, WA  98164<br>206.447.7000<br>gbridgman@omwlaw.com<br>dshickich@omwlaw.com<br>Stephen LeBlanc<br>Rebecca Guiterman<br>Mitchell Sandler LLC<br>1120 20th St., NW, Ste. 725<br>Washington, DC  20036<br>202.886.5260<br>sleblanc@mitchellsandler.com<br>rguiterman@mitchellsandler.com<br>Attorneys for QBE Insurance Corp. | [ ]   Hand Delivery<br>[ ]   ABC Legal Messenger<br>[ ]   US Mail, postage prepaid<br>[X]  Email per agreement<br>[ ]   USDC's E-Filing Platform |

I certify under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

Dated March 22, 2021.

*/s/ Trish Bashaw*
Trish Bashaw, Paralegal
*Friedman | Rubin® PLLP*

ESI Agmt and Order- Page 9
Hong v Bank of America, QBE Insurance Corp.
CASE NO 2:20-cv-01667 RSM

FRIEDMAN | RUBIN®
1109 FIRST AVENUE, SUITE 501
SEATTLE, WA  98101-3614
(206) 501-4446